UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| VICTOR RAY BURTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:10-CV-00165-SNLJ |
| ) | |
| BRYAN HOSKINS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Victor Ray Burton filed this 42 U.S.C. § 1983 claim against defendants Sgt. Bryan Hoskins, Stephanie Kastings, Terry Mitchell, Felicia Dodge, Heather E. (last name unknown), Amanda Hill, Amanda Gibson, Dr. Michael Hakala, and "unknown correctional officers." All the defendants are or were employees of the Southeast Correctional Center ("SECC") in Charleston, Missouri, where plaintiff was at one time incarcerated. Defendant Hoskins filed a motion to dismiss, or alternatively, for summary judgment (#16) on January 24, 2011. Plaintiff filed a motion to compel the attorneys for defendants Gibson, Hakala, Kastings, and Mitchell to waive service for defendants Dodge and Hill (#20) on February 23, 2011. Responsive pleadings have been filed, and both matters are now ripe for disposition.

**I. Case Summary**

Plaintiff, now an inmate at Farmington Correctional Center in Farmington, Missouri, claims that when he was confined at the SECC, the defendants failed to provide him with timely and necessary medical treatment for his broken hand. Plaintiff alleges that the actions and inactions of the defendants violated Missouri Department of Corrections ("MDOC") policy,

1

Correctional Medical Services, Inc. ("CMS") policy, and his Eighth Amendment right to be free from cruel and unusual punishment. The following facts are not disputed, except where indicated.

On Friday, November 13, 2009, plaintiff was involved in a physical conflict with another inmate. Correctional officers broke up the altercation and delivered plaintiff to a segregated housing unit for confinement. On arrival, plaintiff was examined by defendants Dodge and Heather E., nurses, in the presence of defendant Hoskins, the sergeant in charge of the housing unit. Plaintiff maintains that all three defendants noted swelling and injury to plaintiff's right hand. Defendants Dodge and Heather E. provided him with bandages and ice bags, and told him he would be examined by defendant Dr. Hakala for X-rays on Monday, November 16.

Plaintiff remained in the segregated housing unit until Wednesday, December 2, and he was not taken to see Dr. Hakala for X-rays. Plaintiff alleges that in spite of his repeated grumbling to defendants Hoskins, Dodge, and Mitchell (another nurse), his written medical service requests went ignored and unanswered. Plaintiff contends in his affidavit that it took defendant Hoskins over an hour to respond when plaintiff pushed his medical emergency button, and another hour to notify medical personnel.

One week after being released from the segregated housing unit, plaintiff was seen by defendants Hill and Gibson (nurses), who gave him a box of Ibuprofen 200mg tablets for the pain in his right hand. Plaintiff alleges that in response to his December 20 request for more pain medication, defendant Gibson told him that he could only have one box of Ibuprofen per month and that he would see Dr. Hakala as soon as plaintiff could be scheduled.

Plaintiff states that he wrote defendant Kasting, the Director of Nursing at the SECC, on

January 4, 2010, to complain about the lack of medical attention for his right hand. Within 48 hours after writing defendant Kasting, plaintiff's hand was X-rayed and he was taken to see Dr. Hakala in his office. Defendant Hakala informed plaintiff that he had a fracture in his right hand and referred plaintiff to a specialist. He also prescribed Naproxen for plaintiff's pain.

On January 22, 2010, plaintiff was brought to see Dr. David Flood, an orthopedic specialist. According to plaintiff, Dr. Flood confirmed that due to the long delay, plaintiff's right hand would have to be re-broken, and then repaired with pins and screws. This surgery took place on February 4. Plaintiff alleges that although Dr. Flood provided him with a specific post-surgery pain prescription, Dr. Hakala changed it upon his return to the SECC.

Plaintiff took actions to resolve the situation through the MDOC administrative grievance process. He filed an informal resolution request ("IRR") on January 20, 2010, a grievance on April 20, and an appeal on June 22. Plaintiff mentioned defendants Dodge, Gibson, Hakala, Heather E., Hill, and Kastings by name in these proceedings and detailed his grievances with the medical staff at length. However, plaintiff neither mentioned nor discussed the names or actions of defendant Hoskins, or any other MDOC employee, at any step of the grievance process.

In his complaint, plaintiff alleges that he has been permanently deformed and partially disabled as a direct result of the defendants' actions, inactions, and deliberate indifference to his serious medical needs. He seeks to be awarded compensatory damages "in an amount equivalent to gainful employment of an average laborer for at least a ten to fifteen year period" and punitive damages "of a sum sufficient to punish defendants… but not less than $250,000.00 each."

## II. Legal Standard

The Prison Litigation Reform Act's administrative exhaustion requirement is an affirmative defense that the defendant has the burden to plead and to prove. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005). Where a motion for summary judgment is founded on an affirmative defense, the moving party has the burden to present facts that establish that defense. *See Ballard v. Rubin*, 284 F.3d 957, 964 n.6 (8th Cir. 2002). Rule 56 of the Federal Rules of Civil Procedure permits a district court to grant summary judgment with respect to an affirmative defense if the defendant shows that there is no genuine dispute as to any material fact and the defendant is entitled to judgment as a matter of law. A district court has discretion to determine when an issue is ripe for summary judgment. *Pony Computer, Inc. v. Equus Computer Systems of Missouri, Inc.*, 162 F.3d 991, 996 (8th Cir. 1998). "Discovery does not need to be complete before a case is dismissed on summary judgment." *Id.*; *Dulany v. Carnahan*, 132 F.3d 1234, 1238 (8th Cir. 1997). With these principles in mind, the Court turns to the discussion.

## III. Discussion

Defendant Hoskins has moved to dismiss, or, in the alternative, for summary judgment on plaintiff's 42 U.S.C. § 1983 claim against him.

### A. Prison Litigation Reform Act (42 U.S.C § 1997e)

Under the Prison Litigation Reform Act, a prisoner may not bring a § 1983 action unless he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (holding that exhaustion is mandatory). "Under the plain language of Section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).

4

In order for a Missouri prisoner to satisfy the exhaustion requirement, he must avail himself of the administrative grievance process established by MDOC. *Foulk v. Charrier*, 262 F.3d 687, 694 (8th Cir. 2001); *Dashley v. Correctional Medical Services*, 345 F. Supp. 2d 1018, 1022-23 (E.D. Mo. 2004).

> To initiate this process, an inmate must file an Informal Resolution Request ("IRR") within fifteen days of the date of the incident giving rise to the IRR. If the inmate is dissatisfied with the response to his IRR, he can file an Offender Grievance within seven working days of receiving the response. If the inmate is dissatisfied with the response to his Grievance, he can file a Grievance Appeal within seven days of receiving that response. The failure to file a timely appeal will result in the appeal being considered abandoned. Only after the inmate receives a response to his appeal is the administrative grievance procedure exhausted.

*Wewerka v. Roper*, No. 4:09-CV-1973, 2010 WL 4628093, at *2 (E.D. Mo. Nov. 8, 2010). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 534 U.S. at 532. Exhaustion is required regardless of the relief offered through the administrative process. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Plaintiff has failed to satisfy the exhaustion requirement of the Prison Litigation Reform Act with respect to defendant Hoskins. In his response (#21) to defendant Hoskins' motion, plaintiff maintains that the grievance he filed was on the incident in its entirety, "which encompassed defendant Hoskins' deliberate indifference to plaintiff's serious medical needs along with the other defendants' deliberate indifference to plaintiff's serious medical needs." Plaintiff states that MDOC policy precludes prisoners from filing multiple grievances on the same incident.

5

Plaintiff may have been procedurally barred from filing *separate* grievances in regard to the actions and inactions of defendant Hoskins. However, plaintiff failed to include defendant Hoskins or any other MDOC employee in the IRR, grievance, and appeal that he did file. In fact, the scope of plaintiff's IRR, grievance, and appeal is entirely limited to the actions and inactions of the SECC medical staff.

Because no genuine issue of disputed fact exists regarding whether plaintiff exhausted his administrative remedies with respect to his claims against defendant Hoskins, plaintiff's claims against Hoskins will be dismissed pursuant to 42 U.S.C. § 1997e(a). *See Dashley*, 345 F. Supp. 2d at 1024 (holding that where an inmate's medical grievance did not allege that a correctional employee denied him treatment, the correctional employee "received no notice through the process that [the inmate] was specifically grieving against him, as opposed to the medical staff") (citing *Johnson*, 340 F.3d at 626-27).

### B. Failure to State an Official Capacity Claim and Qualified Immunity

The Court need not reach these arguments because it finds that plaintiff's claim against defendant Hoskins is precluded by his failure to advance and exhaust a deliberate indifference claim against defendant Hoskins or any other MDOC employee through the administrative grievance process.

## IV. Motion to Compel

Plaintiff seeks to compel the attorneys for defendants Gibson, Hakala, Kastings, and Mitchell to waive service for defendants Dodge and Hill. In the alternative, plaintiff cites Fed. R. Civ. P. 4(h) for the proposition that service of process on defendants Dodge and Hill was already properly effectuated.

Plaintiff's arguments are baseless. The attorneys for defendants Gibson, Hakala, Kastings, and Mitchell have no authority to waive service of process on behalf of defendants Dodge and Hill. Furthermore, John J. Treu, attorney for CMS, has no authority to receive service of process on behalf of defendants Dodge and Hill, both of whom are former employees.

Because 120 days have passed since plaintiff's complaint was filed, the actions against defendants Dodge and Hill are to be dismissed without prejudice. *See* Fed. R. Civ. P. 4(m).

## V. Conclusion

Summary judgment will be granted to defendant Hoskins and the claims against defendants Dodge and Hill will be dismissed without prejudice.

Accordingly,

**IT IS THEREFORE ORDERED** that summary judgment is **GRANTED** for defendant Bryan Hoskins pursuant to 42 U.S.C. § 1997e(a).

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Bryan Hoskins are **DISMISSED** with prejudice pursuant to 42 U.S.C. § 1997e(a).

**IT IS FINALLY ORDERED** that plaintiff's claims against defendants Felicia Dodge and Amanda Hill are **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 4(m).

Dated this 18th day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE