UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

VICTOR R. BURTON, )
)
    Plaintiff, )
)
v. )   Case No. 1:10CV165 SNLJ
)
BRYAN HOSKINS, et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion to Compel Full Nonparty Subpoena, #36, and plaintiff's Motion for Appointment of Counsel, #38. In both motions, plaintiff seeks the appointment of counsel to represent him and relief from Corizon, Inc.'s (formerly Correctional Medical Services, Inc.), alleged refusal to fully comply with the subpoena issued pursuant to the Court's Order of August 8, 2011. Therefore, the Court has taken these motions under consideration together.

### I. Corizon's Compliance with the Subpoena

Plaintiff asserts that non-party Corizon, Inc., has failed to comply with the Court's subpoena, which referenced the documents requested by plaintiff's Requests for Production of Documents and Things from Correctional Medical Services, Incorporated, #29. Plaintiff complains that Corizon furnished an incomplete copy of plaintiff's medical records and objected to every other one of his requests. Plaintiff makes specific reference to Corizon's refusal to provide personnel and disciplinary records of Dr. Michael Hakala, Heather Annesser, Felicia Dodge, Amanda Hill, Amanda Gibson, Terry Mitchell, and Stephanie Kastings. He also accuses the defendants of attempting to "obstruct" his "efforts to litigate [his] complaint" and to "deceive

this court." Plf's Motion, #36, p. 4. Corizon responds that it has provided plaintiff's medical records through December 2010, has requested the remainder of his records, and will provide those records when it receives them. Corizon objects to the requests for records relating to non-party Heather Annesser and dismissed defendants Felicia Dodge and Amanda Hill on the basis of relevance and privacy/security concerns and because they are not parties to this lawsuit.[1] Corizon likewise objects to plaintiff's request relating to Dr. Hakala's records on relevance and privacy/security grounds.

Based upon the pleadings, the Court is unwilling to intercede in this dispute at this time. While plaintiff has included a copy of a letter he sent to counsel for Corizon requesting the missing records and expressing his desire to "continue to be cooperative and allow you and those you represent to fully comply" prior to "seeking further court action," he has not demonstrated compliance with this Court's requirement that he make a good-faith effort to confer with counsel for Corizon in an attempt to resolve this discovery dispute prior to filing his motions. *See* E.D. Mo. L.R. 37-3.04(A); Plf's letter, #36-2. In addition, plaintiff concedes that Corizon has furnished part of his medical records, and Corizon states that it will furnish the remainder when it receives them. Moreover, Corizon's objections, especially with regard to the personnel records of non-parties to this action, appear to be valid, but both the objections and plaintiff's motions lack argument with sufficient specificity. Therefore, the Court will deny plaintiff's motion to compel without prejudice.

---

[1] The Court dismissed Felicia Dodge and Amanda Hill as defendants in its Order of May 18, 2011. In his complaint, plaintiff named a nurse with the first name "Heather and last-name initial "E." as a defendant. Plf's Compl. p. 17 ¶ 4. Plaintiff's motion and request for production are silent regarding whether Heather Annesser is the same person as the defendant "Heather E."

## II. Plaintiff's Requests for Appointment of Counsel

The Court now turns to plaintiff's requests that it appoint counsel to represent him in this case. The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Stevens v. Redwing, et. al.*, 146 F.3d. 538, 546 (8th Cir. 1998); *Edgington v. Mo. Department of Corrections*, 52 F.3d. 777, 780 (8th Cir. 1995); *Rayes v. Johnson*, 969 F.2d. 700, 702 (8th Cir. 1992). Once the plaintiff alleges a prima facie claim, thereby surviving a frivolity review pursuant to 28 U.S.C. §1915(d), the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *Edgington*, 52 F.3d. at 780; *Natchigall v. Class*, 48 F.3d. 1076, 1081-82 (8th Cir. 1995); *In re Lane*, 801 F.2d. 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. *See McCall v. Benson*, 114 F.3d 754 (8th Cir. 1997); *Stevens*, 146 F.3d. at 546; *Edgington*, 52 F.3d. at 780; *Natchigall*, 48 F.3d. 1076, 1080-81; *Johnson v. Williams*, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986).

In this matter, the Court finds that appointment of counsel is not mandated at this time. The plaintiff appears to be able to litigate this matter, as evidenced by his discovery requests, citation of federal rules and authority, discovery motions, and the Court's issuance of a third-party subpoena upon his request, and nothing has occurred to indicate any need to appoint counsel at this point in time. Moreover, although plaintiff stated in his complaint that he contacted two law firms regarding his case, he has not indicated whether he has made sincere

efforts to obtain legal counsel over the course of the following fourteen months between filing his complaint and his motion requesting appointment of counsel. The Court will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, and if plaintiff demonstrates that he has made sincere efforts to obtain counsel but is unsuccessful, the Court will do so.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel compliance with the subpoena, #36, and motion for appointment of counsel, #38, are **DENIED** without prejudice.

Dated this 5th day of April, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE