UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| VICTOR R. BURTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10CV165 SNLJ |
| ) | |
| BRYAN HOSKINS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion to Amend Complaint (#53), plaintiff's two Motions to Compel (#55, #57), and plaintiff's Motion to Extend Discovery Deadline (#61).

**I.      Motion to Amend**

Plaintiff filed a three-page motion to amend his complaint. He seeks to add allegations and defendants, and he also seeks to correct the names of defendants already named in the complaint. It appears as though plaintiff is attempting to amend his complaint by interlineation, or requesting that the Court add additional claims to this action without providing the Court with a pleading which includes all claims he wishes to pursue in this action.

Although the Court will allow plaintiff leave to amend his complaint, it will not accept plaintiff's attempts to amend by interlineation. All claims in an action must be included in one, centralized complaint form. Plaintiff is required to submit his amended complaint on a court-provided form. Plaintiff must clearly state the defendants which he is pursuing allegations against, and he must articulate, for each of those defendants, the factual circumstances

surrounding their alleged wrongful conduct.  Plaintiff's failure to make specific and actionable allegations against any of the defendants will result in their dismissal from this case.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint.  Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint, and claims that are not re-alleged are deemed abandoned.  *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).  If plaintiff fails to file an amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

**II.     Motions to Compel (#55, #57) and Motion to Extend Discovery Deadline (#61)**

Plaintiff states that the defendants should be required to produce "the remainder of [his] medical records from 11/01/09 to the present."  Defendants respond that they have already produced a copy of plaintiff's medical file.  Plaintiff has not objected further.

Plaintiff next complains that defendants have not provided him with addresses for Amanda Hill, Felicia Dodge, or Heather Annesser, whom he named as defendants but whom he was unable to serve.   Plaintiff indicates that he wants their addresses so that he may serve them.  Claims against defendants Hill and Dodge were dismissed nearly two years ago (*see* Order, Doc. No. 28).  Defendants contend plaintiff never requested that defendants provide him with any defendant's address.  Indeed, plaintiff's opportunity to serve those defendants passed long ago, and thus Heather Annesser will be dismissed without prejudice for failure to serve her.  *See* Fed. R. Civ. P. 4(m).

Next, plaintiff requests an order compelling defendants to respond to his interrogatories.  Defendants state they responded to those interrogatories.  Plaintiff, in a subsequent motion

requesting an extension to the discovery deadline (#61), states that he received the interrogatory responses after he mailed his motion to compel.  Plaintiff seeks additional time in which to reformulate his interrogatory responses and, he hopes, obtain better answers.  The Court will permit plaintiff to serve upon defendants one additional set of discovery requests, within 21 days of the date of this order.  After defendants respond, discovery will be close absent a strong showing of good cause to reopen discovery.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Amend Complaint (#53) is granted in part;

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Order, a blank complaint form for the filing of a prisoner civil rights complaint;

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, no later than May 2, 2013;

**IT IS FURTHER ORDERED** that plaintiff's two Motions to Compel (#55, #57) are **DENIED**;

**IT IS FURTHER ORDERED** that defendant Heather Annesser is **DISMISSED** without prejudice;

**IT IS FURTHER ORDERED** that plaintiff's Motion to Extend Discovery Deadline (#61) is **GRANTED** in part, and that plaintiff shall have until April 23, 2013 by which to serve upon defendants his final discovery requests; and

**IT IS FINALLY ORDERED** that the deadline for dispositive motions in this case shall be extended to June 24, 2013.

Dated this __2nd__ day of April, 2013.

_____
**STEPHEN N. LIMBAUGH, JR.**
**UNITED STATES DISTRICT JUDGE**