UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| VICTOR RAY BURTON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 1:10CV165 SNLJ |
|  | ) |  |
| STEPHANIE KASTING, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion requesting the Court to reconsider its ruling denying plaintiff's request for appointment of counsel and its ruling granting summary judgment in favor of defendants Amanda Gibson, Dr. Michael Hakala, Stephanie Kasting, and Terry Mitchell. The motion is fully briefed and ripe for disposition. For the following reasons, the motion will be denied.

I.  **Background**

Plaintiff Victor Ray Burton filed this 42 U.S.C. § 1983 claim against defendants who were on the medical staff at Southeast Correctional Center in Charleston, Missouri, when plaintiff was incarcerated at that facility. Plaintiff complains of a delay in medical treatment with regard to a hand injury. On March 11, 2013, this Court denied plaintiff's request for appointment of counsel. On June 24, 2013, defendants Gibson, Hakala, Kasting, and Mitchell filed a motion for summary judgment. Plaintiff filed a response to the motion. This Court examined the record before it and found that there was no genuine issue of material fact as to plaintiff's claim and that defendants had shown that they were

entitled to judgment as a matter of law. Therefore, the Court entered summary judgment in the defendants favor on March 18, 2014.

On May 7, 2014 plaintiff filed a Rule 60(b) motion requesting that the Court reconsider its order of March 11, 2013 denying his request for appointment of counsel and its order of March 18, 2014 granting summary judgment to defendants Gibson, Hakala, Kasting, and Mitchell. Plaintiff also filed an objection to the Court's order of March 18, 2014 granting summary judgment alleging that the Court erred with regard to its findings of undisputed facts.

## II.     Request for Appointment of Counsel

Plaintiff seeks reconsideration of this Court's order of March 11, 2013 denying plaintiff's request for appointment of counsel. Plaintiff maintains that the denial of his request for appointment of counsel was an abuse of discretion because "plaintiff simply did not know what he was doing, as he didn't understand the rules or their consequence and he did not know how to properly pursue discovery or plead his case." Plaintiff further argues that the Court's repeated denials of his requests for appointment of counsel adversely affected his ability to respond to summary judgment because he did not understand the rules.

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Stevens v. Redwing, et. al.,* 146 F.3d. 538, 546 (8th Cir. 1998); *Rayes v. Johnson,* 969 F.2d. 700, 702 (8th Cir. 1992). Once the plaintiff alleges a prima facie claim, thereby surviving a frivolity review pursuant to 28 U.S.C. §1915(d),

the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *Natchigall v. Class,* 48 F.3d. 1076, 1081-82 (8th Cir. 1995); *In re Lane,* 801 F.2d. 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. *See McCall v. Benson,* 114 F.3d 754, 756 (8th Cir. 1997); *Stevens,* 146 F.3d. at 546*; Natchigall,* 48 F.3d. at 1081-82; *Johnson v. Williams,* 788 F.2d. 1319, 1322-23 (8th Cir. 1986).

Throughout the litigation, plaintiff made at least four requests for appointment of counsel. On April 5, 2012, ruling on one of plaintiff's requests, this Court held:

> In this matter, the Court finds that appointment of counsel is not mandated at this time. The plaintiff appears to be able to litigate this matter, as evidenced by his discovery requests, citation of federal rules and authority, discovery motions, and the Court's issuance of a third party subpoena upon his request, and nothing has occurred to indicate any need to appoint counsel at this point in time. Moreover, although plaintiff stated in his complaint that he contacted two law firms regarding his case, he has not indicated whether he has made sincere efforts to obtain legal counsel over the course of the following fourteen months between filing his complaint and his motion requesting appointment of counsel. The Court will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, and if plaintiff demonstrates that he has made sincere efforts to obtain counsel but is unsuccessful, the Court will do so.

On December 17, 2012, ruling on a subsequent request, the Court held:

> The Court notes that plaintiff appears to have made efforts to obtain counsel but has been unsuccessful. However, plaintiff still appears to be able to litigate this matter, as evidenced by his detailed motion, prior discovery requests, citation of federal rules and authority, discovery motions, and the Court's issuance of a third-party subpoena upon his request. As to plaintiff's discovery-related concerns, plaintiff's earlier discovery motions were denied without prejudice, and, to the

3

extent plaintiff believes he has not received all the documents to which he is entitled, he should file a motion to compel with the Court. The Court will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, the Court will do so.

Once again, upon review of this matter, this Court finds that the factual and legal issues are not complex, there is very little conflicting testimony as the medical records establish the essential facts, and plaintiff's pleadings indicate his ability to state his claims and legal arguments. There is nothing in the record to suggest that the demands of self-representation exceeded plaintiff's abilities. Although plaintiff did not specifically dispute defendants' statement of facts as required by local rule 4.01(e) and Federal Rule of Civil Procedure 56(c)(1) for the summary judgment motion, it made no difference in the outcome. Plaintiff's version of the facts varied insignificantly from defendants' statement of the facts. Both parties relied on plaintiff's medical records, which provided the essential, material facts with regard to summary judgment. This Court finds that there was no error in denying plaintiff's request for appointment of counsel. Therefore, there is no basis for relief under Rule 60(d) from this Court's denial of plaintiff's request for appointment of counsel.

### III. Summary Judgment

Plaintiff filed an objection to the Court's order granting summary judgment for defendants Gibson, Hakala, Kasting, and Mitchell. Plaintiff argues that the Court's determination that he did not dispute the record as required by local rule 4.01(e) and Federal Rule of Civil Procedure 56(c)(1) was erroneous. Plaintiff argues he intended to dispute defendants' material facts but because he did not use the magic word dispute and

did not know how to properly point to the record to support his dispute, the Court abused its discretion in finding he failed to comply with local rule 4.01(e).

Additionally, plaintiff filed a motion requesting that this Court reconsider its order granting summary judgment, set aside the judgment, and allow plaintiff another opportunity to properly respond to the defendants' motion for summary judgment. He gives various reasons in support of his requests, all of them without merit. Plaintiff argues that the Court improperly entered summary judgment in favor of the defendants because defendants' statements of facts were not supported with affidavits and the documents relied on (plaintiff's medical records) were not authenticated. Plaintiff further argues that the Court incorrectly ruled that plaintiff needed to place verifying medical evidence in the record to establish the detrimental effects of the delayed treatment, even though his condition was obvious to a lay person, which made the need for verifying medical evidence unnecessary. Finally, plaintiff argues that the Court's reliance on the decision in *Johnson v. Hamilton*, 452 F.3d 967 (8th Cir. 2006) was in error as the facts of this case are distinguishable.

In support of his motion, plaintiff cites Federal Rule of Civil Procedure 60(b)(1) which allows relief from a judgment or order based on a "mistake, inadvertence, surprise, or excusable neglect." However, "a party moving for reconsideration pursuant to any portion of Rule 60(b) must establish exceptional circumstances to obtain the extraordinary relief the rule provides." *R.G. Brinkmann Co. v. Amerisure Ins. Co.*, 4:11CV1125 JAR, 2013 WL 328662, at *1 (E.D. Mo. January 29, 2013) (internal quotations and citation omitted); *U.S. v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)

5

("[Rule 60(b)] provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."). "[T]he Eighth Circuit has cautioned that exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." *Id.* (citing *Atkinson v. Prudential Prop. Co., Inc.,* 43 F.3d 367, 373 (8th Cir.1994)). Here, plaintiff fails to establish exceptional circumstances warranting relief from the Court's orders.

Contrary to plaintiff's claims, the Court properly considered all the admissible evidence when it entered summary judgment in favor of defendants. Plaintiff is correct that the defendants' facts were deemed admitted because plaintiff did not dispute them with specific references to portions of the record as required by Local Rule 4.01(E) and Federal Rule of Civil Procedure 56(c)(1). However, the Court also considered plaintiff's affidavit and the documents he submitted including supplemental documents filed by plaintiff after summary judgment was fully briefed. The Court noted plaintiff's attempt to rectify procedural issues in his prior filings but concluded that despite some effort to comply with the rules, the result was the same and defendants' facts remained undisputed. Significantly, the undisputed facts were based on plaintiff's medical records, which both defendants and plaintiff submitted to the Court. Further, this Court found that "[e]ven under plaintiff's version of the facts, he has not established that defendants were deliberately indifferent to his serious medical needs or that any delay in treatment caused or had a detrimental effect."

Moreover, plaintiff's argument that the Court erred in granting summary judgment because defendants' statement of facts was unsupported is without merit. Defendants' statement of facts was supported by plaintiff's medical records, which were attached and part of the record before this Court. Plaintiff did not object to the medical records and, in fact, submitted a portion of the medical records in his filings with the Court.

Further, the Court's conclusion that plaintiff's failure to offer verifying medical evidence to establish any detrimental effect of delay in medical treatment was correct and not contrary to established law in the Eighth Circuit. Plaintiff argues that it would have been obvious that a swollen and painful hand was broken and, therefore, he did not need to offer verifying medical evidence. Plaintiff's position, however, is contrary to well established law. When an "inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, 'the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment.'" *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005). "To establish this effect, the inmate 'must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997). This Court correctly applied these principles of law to this matter.

Finally, the Court's reliance on the decision in *Johnson v. Hamilton*, 452 F.3d 967 (8th Cir. 2006) was proper. Plaintiff's argument that the Court found that the facts in this case were indistinguishable from the facts in *Johnson* only because plaintiff had not disputed defendant's facts is without merit. The material facts regarding the medical treatment that plaintiff received (and did not receive) are not disputed. Contrary to any

7

suggestion by plaintiff, those facts are clear from the medical records and plaintiff's own affidavit. What plaintiff disputes is whether the treatment he received (and did not receive) rises to the level of deliberate indifference of a serious medical condition. In his motion, plaintiff attempts to re-argue this issue. He has not established any mistake that affected the judgment or raised any new arguments that justify an amendment of the judgment.

### IV. Conclusion

Plaintiff's objection and motion offers no valid reasons for reconsidering or amending the judgment. There is no basis for relief under Rule 60(d) from this Court's order granting summary judgment in favor of defendants Amanda Gibson, Dr. Michael Hakala, Stephanie Kasting, and Terry Mitchell.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion requesting the Court to reconsider its ruling denying plaintiff's request for appointment of counsel and its ruling granting summary judgment in favor of defendants Amanda Gibson, Dr. Michael Hakala, Stephanie Kasting, and Terry Mitchell (ECF #98) is **DENIED**. Plaintiff's objection (ECF #99) to the ruling granting summary judgment in favor of the defendants is also **DENIED**.

Dated this 23rd day of July, 2014.

```
                                        STEPHEN N. LIMBAUGH, JR.
                                        UNITED STATES DISTRICT JUDGE
```